## BARR v. PITTSBURGH PLATE-GLASS CO. et al.

*(Circuit Court, W. D. Pennsylvania.* November 21, 1889.)

CORPORATIONS—RIGHTS OF STOCKHOLDERS—INJUNCTION AGAINST CORPORATION.

A stockholder in a manufacturing corporation filed a bill against the corporation, and all the directors thereof, and another stockholder, charging that the latter defendants had entered into a conspiracy to do an unlawful and fraudulent act, in furtherance of their individual interests, which would destroy or seriously impair the value of the property of the corporation; that the directors and their codefendant stockholder held among themselves seven-tenths of the stock of the corporation, and that they had procured a vote of the stockholders authorizing the directors to carry out the project,—the bill praying for an injunction to restrain the corporation from consummating the fraudulent transaction. Upon demurrer to the bill, *held,* that the plaintiff could maintain the bill to protect his individual rights, and that his suit was not to be defeated because the bill did not show a previous effort on his part to secure redress by an appeal to the directors or stockholders for remedial action.

In Equity. *Sur* special demurrers to the bill of complaint.
*S. Schoyer, Jr., S. B. Schoyer,* and *W. R. Errett,* for complainant.
*D. T. Watson* and *Dalzell, Scott & Gordon,* for defendants.
Before McKENNAN and ACHESON, JJ.

PER CURIAM. In so far, at least, as the bill relates to the Ford City Works, it is not founded, as the demurrers assume, upon a right of action belonging solely to the corporation defendant; but it is really based on the plaintiff's individual rights. The injury here complained of directly affects the plaintiff personally, and he seeks the protecting power of the court against the alleged fraud of the governing board of directors. The controversy is between the plaintiff and the directors of the corporation and another stockholder, who, in violation of the plaintiff's rights, are about to proceed to do an unlawful act, which will destroy or seriously impair the value of property in which the plaintiff has an interest. No one outside of the corporation has any concern in the controversy, nor is any outsider here sued. The corporation itself is a real defendant, the bill praying for an injunction to restrain it from consummating the alleged fraudulent transaction. The bill alleges not only that all the directors are acting in their own interest, and in fraud of the rights of the plaintiff, but also that they and their co-conspirator (a defendant herein) together hold seven-tenths of the stock of the corporation; and, further, that they have procured a vote of the stockholders authorizing them to carry out the contemplated fraudulent project. In view, then, of these allegations, which for the present we must accept as true, it would be most unreasonable to defeat the plaintiff's suit because the bill does not show a previous effort on his part to obtain redress within the corporation by an appeal for remedial action to the directors or stockholders. The demurrers must be overruled, with leave to the defendants to answer the bill within 30 days; and it is so ordered.